The opinion of the Court was delivered by
Todd, J.
The plaintiff, having title by purchase to a lot situated on Lake Pontchartrain, seeks in this suit to be declared owner of the “batture, accession or accretion, formed and to be formed between the former frontage of the lot and the waters of the lake,” and to recover of the defendant two thousand dollars for trespassing thereon.
An exception was filed by the defendant, substantially to the effect: “ That the petition disclosed no cause of action; that the plaintiff seeks to recover an accession or accretion on the shore of Lake Pontchartrain, and the right of property does not exist in such accession or accretion on said lake, the same being an arm of the sea.”
The exception was sustained and the suit dismissed, and the plaintiff has appealed.
We think the judgment was correct.
Accession “ is that which is united to, or incorporated with, the property,” and under certain conditions belongs to the owner of the property to which it becomes united. The term is generally applied to what is united to the property by artificial means. C. C. 504, 507, 508.
“Accretions” are the gradual and imperceptible augmentations of “ the soil situated on tlxe shore of a river or other stream,” and are called “ alluvion',” and sometime “ batture.”
“ The alluvion belongs to tlio owner of the soil situated on the edge of the water, whether it be a river or stream, and whether the same be navigable- or not.” C. C. 509.
“ Preeterea quod per allvvionem agro tuo jlumen adjaeit, jure gentium tibi adquiritur.” Justinian, lib. 41, tit. 1, law 7, sec. I.
The only thing that can, in tins suit, he embraced under the claim of “ accession ” as distinguished from accretioh, alluvion, or batture, which last result from natural causes alone, is the protection or revetment levee, constructed by public authority after plaintiff’s acquisition of the lot between the bank of the lake and the waters thereof. Even if such construction could be the subject of private ownership, the ground on which it rests must first-be shown tobe plaintiff’s, before she *839 could claim any interest in the levee, or other improvement made thereon.
The next Article of the Code, following the one recognizing accretions or alluvion on rivers becoming the property of the owners of the contiguous soil,- declares:
“The same rule applies to derelictions by running water retiring-imperceptibly from one of its shores and encroaching on the other; the owner of the land adjoining the shore left dry, has the right to the dereliction.”
• “ This right does not take place in case of derelictions of the sea.” C. C.-510.
. “ JEt quidem naturali jivre eommunia sunt omnium heecjaer aqua pro' fluens, mare, et per hoc littera mcms.n
“ JEst autem littum marts quatenas hybernas fluetus maximus excurrit.” Justinian, Ins. lib. 2, tit. 1, sec. 1-3.
The plaintiff, however, denies that Lake Pontehartrain is either the sea or an arm of the sea, and, therefore, contends that this question of' accretions or alluvion on the sea shores has no applicability to this case. It might be a sufficient reply to this, to say, that the only acknowledged right to accretions as property under our law, are those formed on rivers and running streams; and that there is no recognition of any property right therein, when formed on lakes, bays, arms of the sea, or other large bodies of water, and that the modes or ways of the acquisition of property are limited to those expressly prescribed bylaw and cannot be extended by implication. But we consider this question virtually disposed of in the case of Milne vs. Girodeau, 12 L. 324. That was a petitory action to recover a lot lying on the same body of water, Lake Pontehartrain. On this lot the defendant had erected buildings. In the opinion of the Court it is stated :
“ The defendant, who is in possession, avers in his answer that it makes a part of the sea shore, is common-property,' and that plaintiff cannot have the ownership thereof.
■ “ It appears to us that the ground in question lies much below high water mark, and forms part of the bed of the lake, and is ,not, therefore, susceptible, of private ownership.” .
We have attentively examined the case of Hollingsworth vs. Chaffe, 33 An. 547, to which we have been referred, and find it has no bearing on this case.
The judgment of the lower court is, therefore, affirmed with costs,
=Levy, J., absent;